

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Borden
County Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. O-4043
Re: Officers' Salary Law - mini-
mum and maximum salaries -
sheriffs' board bill for keep-
ing prisoners.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Inclosed you will find a correct copy of the
annual fee report filed by the Sheriff of Parker
County for the year 1935, at which time this county
was on a fee basis, having a population of less than
20,000 inhabitants. The last Federal census discloses
more than 20,000 people in Parker County, and under
Section 13 of Article 3912 E, all county officials
are being paid a salary. The above section provides
that the minimum salary of any such officer shall not
be less than the total sum earned as compensation by
him in his official capacity for the fiscal year 1935.
I would like an answer to the following questions:

"(1) With the inclosed report as a basis, what
is the minimum salary that can be paid the present
Sheriff of Parker County, and is ex officio salary
paid, considered compensation earned under Section
13.

"My construction of the Statute is that fees
earned but uncollected should be considered in arriv-
ing at the minimum salary to be paid to the Sheriff,
and further that ex officio salary should not be
considered as compensation earned under Section 13.

"(2) Where a county is operating under the
salary system can the Commissioners' Court legally
pay the county Sheriff a specific amount per day for

food and a specific amount for guarding prisoners, or, is it necessary that the actual costs of keeping the jail be turned in as an expense of office and paid out of the Officers Salary Fund."

Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 13. The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . ."

Section 1 of Article 3883, V. A. T. C. S., was the law in force on August 24, 1935, and reads as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each."

Article 3891, V. A. T. C. S., was the law in force on August 24, 1935. We quote from said article as follows:

"Each officer named in this Chapter shall first of out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year to be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). . . . ."

Opinion No. O-409 (conference opinion No. 3053) of this department holds that the Commissioners' Court in fixing the minimum salaries of county attorneys under the officers' salary bill should consider fees "earned" by the officers in 1935 rather than fees "collected" in that year.

Opinion No. O-744 of this department holds that in determining "the total sum earned as compensation for the year 1935", for the purpose of arriving at the minimum salary to be paid the county attorney, that the Commissioners' Court should deduct from the total compensation earned, collected and uncollected, the expenses for the office for the year 1935, which were legally allowed by the Commissioners' Court for that year. We quote from said opinion as follows:

"There was no provision of the statute guaranteeing the officer he should first receive the amount allowed under the provisions of article 3883, so the officer had to pay authorized expenditures out of the funds, coming into his hands, irrespective of whether the amount mentioned in the article was earned or collected. Therefore, the 'total sum earned as compensation by him' was the net total earned after payment of his authorized expenses. The Legislature did not stipulate 'earned by the office' but rather 'earned by him.'"

On December 3, 1937, this department held in an opinion written by Honorable James N. Neff, Assistant Attorney General, addressed to Mr. Wm. J. Fanning, County Attorney, Hopkins County, Texas, that in arriving at the correct minimum salary to be paid county officers under the officers' salary bill that the Commissioners' Court should consider the amount of fees earned and uncollected, as well as fees collected for the year 1935. This opinion further held that an ex-officio salary paid to an officer for the year 1935 should be considered in arriving at the correct minimum to be paid such officer.

We quote from the case of Nacogdoches County v. Winder, (Beaumont Court of Civil Appeals) 140 S. W. (2d) 972 (writ refused), as follows:

"The following facts are without dispute: Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann. Civil Statutes, and Article 3891, R.C.S., Vernon's Ann. Civ. St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,286.16. On January 13, 1936, at a regular session of the Commissioners' Court, an order was entered by said court fixing appellee's salary at $3,286.16, the amount earned as salary by the county judge of said county in 1935. Later in said month, January 31st, at a called session of said court, his salary was fixed at $3,350 per year. On January 11, 1937, the commissioners' court in regular session fixed his salary at $3,000, for that year, and on January 10, 1938, said court fixed his salary at $3,000 for said year. This was $286.16 less than the minimum salary for 1935, and $350 less than the salary as fixed by the order of January 31, 1936. Appellee prayed judgment for $572.32, the difference between the $3,000 per year for 1937 and 1938, and the minimum of $3,286.16 as fixed by the order of January 13, 1936, or in the alternative, for judgment for $700. of the order of January 31, 1936, passed at the called session be found proper. The Judgment was for $572.32.

"We think the order fixing appellee's salary made at the regular term of January 13, 1936, was in accordance with the law, and that the amount then fixed as the annual salary of appellee, $3,286.16, under the facts and the law was proper, and is controlling here. <u>Article 3912e, section 13, Vernon's Ann. Civ. St. fixes the salary of County Clerks in the class of counties in which Nacogdoches fell, at not less than the total sum earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. The legislature having prescribed the minimum amount of salary (the official earnings in 1935) and that being shown to have been $3,286.16, the commissioners' court did not have the authority to ignore this statutory provision of minimum salary and fix the salary at $3,000. The provisions of the statute authorizing the commissioners' court to fix the salary at any sum not less than a certain minimum and not more than a certain maximum, are mandatory, and could not be ignored by the members of the court at their discretion. The order fixing appellee's salary at $3,00 was without authority, and so void.</u>" (Underscoring ours)

Article 3895, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Opinion No. 0-3896 of this department contains a pertinent discussion of ex officio salaries, applicable to counties having a population of less than 25,000 inhabitants. We quote from said opinion as follows:

"In answer to your inquiry, you are advised that it is the opinion of this department that the ex-officio compensation of the county clerk must be considered and accounted for in arriving at the maximum annual compensation of said clerk. The clerk shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover the cost of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified the same shall be deemed excess fees and the clerk is permitted to retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to $3,000.00. In other words, the county clerk is entitled to retain all the compensation allowed by Article 3883, together with the one-third excess fees allowed by Article 3891, until such one-third, together with the amount specified in Article 3883, amounts to $3,000.00 per annum. If the compensation allowed under Article 3883 and the excess fees allowed under Article 3891 do not reach the maximum of $3,000.00 per annum, the Commissioners' Court is authorized to pay the clerk an ex-officio compensation, provided such compensation, together with the fees retained by him under Articles 3883 and 3891, does not amount to more than $3,000.00. There can be no excess fees until the amount of $2,400.00 is reaches and the deductions which are allowed by law are made. To illustrate, the county clerk cannot take $1,400.00 as fees under Article 3883 and then add the $1,000.00 ex-officio compensation to make a total of $2,400.00 and then pay all fees coming into the office as are authorized by law are excess fees, and that he is entitled to one-third of the same. In short, before the clerk is entitled to any excess fees under Article 3891, he must first receive as fees the amount of $2,400.00 not including any part of the ex-officio compensation after making the legal deductions as allowed by law and after this amount has been reached then the clerk is entitled to one-third of such excess fees as provided by Article 3891 and as above stated if this does not reach the total maximum of $3,000.00 per annum, the Commissioners' Court may in its discretion legally allow an ex officio compensation provided such compensation, together with

the fees retained under the above mentioned articles, does not exceed $3,000.00 per annum."

The report you enclosed which you state is a correct copy of the annual fee report filed by the sheriff of Parker County for the year 1935, discloses that the total fees earned by the sheriff (collected and uncollected) amounted to the sum of $5,227.98. The report further shows expenses of office (which we assume were properly authorized) amounted to the sum of $3,072.70. The difference between these sums is the sum of $2,155.28, which is less than the $2,400.00 maximum allowed by Article 3883, supra. Thus we see that the sheriff earned no "excess fees" under Article 3891 for the year 1935. The Commissioners' Court had authority at that time to allow the sheriff ex-officio compensation and did allow him ex-officio compensation in the sum of $300.00. This $300.00 ex-officio compensation should be added to the $2,155.28 referred to above in arriving at the correct minimum salary of the sheriff.

We therefore hold, in answer to your first question, that the Commissioners' Court must set the salary of the sheriff of Parker County at not less than $2,455.28 and not more than $3,000.00 per annum.

Your second question is answered by opinion No. 0-1228 of this department, which holds that in salary counties the Commissioners' Court has no authority to contract with the sheriff as outlined by Article 1040, V. A. T. C. C. P., and allow him a specified sum for the safekeeping, feeding and maintenance of prisoners and that the sheriff may only be allowed his actual expenses incurred in the feeding of prisoners, and if there is any profit, the sheriff should deposit the same in the officers' salary fund. We enclose herewith a copy of said opinion for your information.

Very truly yours

APPROVED OCT. 6, 1941

/s/ Grover Sellers

FIRST ASSISTANT ATTORNEY GENERAL

WJF:GO

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

ATTORNEY GENERAL OF TEXAS

By

/s/ Wm. J. Fanning
Assistant